IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHERMAN ROBINSON, | ) | CASE NO. 1:26-cv-00066-JRA |
| Petitioner, | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| WARDEN ANGELA STUFF, | ) | MAGISTRATE JUDGE JONATHAN D. GREENBERG |
| Respondent. | ) | |
| | ) | **REPORT AND RECOMMENDATION AND ORDER** |

This matter is before the magistrate judge pursuant to Local Rule. 72.2. Before the Court is the Petition of Sherman Robinson ("Robinson" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Currently pending is Petitioner's Motion for Summary Judgment (Doc. No. 12) and Respondent's Motion to Dismiss (Doc. No. 14).

For the following reasons, the undersigned recommends the Motion to Dismiss (Doc. No. 14) be GRANTED and Orders the Motion for Summary Judgment (Doc. No. 12) be STRICKEN.

## I. Procedural History[1]

On February 6, 2021, a Cuyahoga County grand jury indicted Robinson with one count of gross sexual imposition in Case Number CR-21-656630. (Doc. No. 10-3, Ex. 1.)

On July 1, 2022, a jury found him guilty as charged in the indictment. (*Id.*, Ex. 5.)

On January 4, 2023, he was sentenced to serve four years in prison. (*Id.*, Ex. 6.)

[1] The Court is not including every procedural event but rather including events relevant to the instant pending motions.

On June 13, 2023, Robinson, through new appointed counsel, filed a motion for leave to file delayed appeal and a notice of appeal. (*Id*., Ex. 14, 15.)

The Eighth District Court of Appeals granted to motion for leave to file a delayed appeal. (*Id*., Ex. 17.) Robinson filed his appellate brief, asserting seven assignments of error. (*Id*., Ex. 18.)

On February 8, 2024, the Eighth District Court of Appeals sustained Robinson's fourth assignment of error, revered the judgment of the trial court, and vacated his conviction for gross sexual imposition. (*Id*., Ex. 20.)

Neither party filed an appeal to the Ohio Supreme Court.

## II. Federal Habeas Corpus

On January 12, 2026, the Court received Robinson's Petition, challenging the constitutionality of his confinement and sentence for gross sexual imposition in the case of *State v. Robinson*, Cuyahoga County Court of Common Pleas, Case No. CR-21-656630. (Doc. No. 1.)

On February 2, 2026, the undersigned issued an Initial Order setting forth the briefing requirements and deadlines for this habeas case. (Doc. No. 6.)

On April 9, 2026, Respondent filed Motion for Leave to File Motion to Dismiss. (Doc. No. 10.) The motion was granted, and Respondent filed Motion to Dismiss. (*See* Non-Document Order dated June 24, 2026, and Doc. No. 14.) Petitioner filed an opposition. (Doc. No. 15.)

On June 15, 2026, Petitioner filed Motion for Summary Judgment. (Doc. No. 12.) Respondent filed a brief in opposition. (Doc. No. 13.)

## III. Motion to Dismiss

On June 26, 2026, Respondent filed a Motion to Dismiss, arguing the petition should be dismissed because Robinson is not currently incarcerated for the case in which he based his habeas petition. (Doc. No. 14.) First, Respondent argues the Court does not have subject matter jurisdiction under 28 U.S.C. § 2254(a)

because he is not "in custody" on the gross sexual imposition case he challenges in his petition. (*Id*. at 4.) Second, Respondent contends the case should be dismissed as moot pursuant to Article III, §2 of the United States Constitution because there is no case or controversy because the state courts granted the relief Robinson seeks. (*Id*. at 5.) Respondent attached Exhibit A to the Motion to Dismiss, which includes an Affidavit of Debra Warren, Corrections Records Sentence Computation Auditor, certifying that she prepared the attached letter explaining Robinson's sentencing and supportive state court documents. (*See* Doc. No. 14-1.) Ms. Warren's letter explains that Robinson is currently incarcerated pursuant to sentences in Cuyahoga County Court of Common Pleas case numbers CR-22-67708, CR-23-677584, and CR-23-677780. (*Id*.) Ms. Warren explains Robinson's conviction and sentence in case number CR-21-656630 was reversed and vacated by the appeals court, the case was removed "from the display", and his file was recertified in terms of sentencing computation. (*Id*.) Petitioner filed a response. (Doc. No. 15.)

This court explained that a habeas petition is rendered moot and the court lacks jurisdiction when a petitioner is not "in custody." *Luviano-Lopez v. Garza*, No. 4:23-CV-3, 2023 WL 6277875, at *1 (N.D. Ohio Aug. 23, 2023), *report and recommendation adopted,* No. 4:23 CV 3, 2023 WL 6258264 (N.D. Ohio Sept. 26, 2023), citing 28 U.S.C. §§ 2241(c)(3), 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (explaining that under sections "2241(c)(3) and 2254(a) [and] ... the common-law history of the writ ... that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody").

The court went on to explain:

> Because a petition for writ of habeas corpus challenges a government custodian's authority to continue detaining an individual, an individual's release from custody generally moots a habeas petition. *Lane v. Williams,* 455 U.S. 624, 632, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). This principle derives from the "case or controversies" requirement under Article III of the Constitution, which provides that an actual controversy must exist not only

> at the time the complaint or petition is filed, but through all stages of the litigation. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). Because the exercise of judicial power requires a live case or controversy, a case may become moot and fall outside the court's jurisdictional authority, if an event occurs that makes it impossible for a court to grant any relief to the prevailing party. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992); *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009). When a case becomes moot under Article III, dismissal for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is appropriate. *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017); *KNC Invs., LLC v. Lane's End Stallions, Inc.*, 579 F. App'x 381, 383 (6th Cir. 2014).

*Luviano-Lopez,* 2023 WL 6277875, at *1.

Here, Robinson is no longer incarcerated pursuant to his sentence in case number CR-21-656630, which is the case on which he based his habeas petition. As discussed, Robinson remains in custody pursuant to sentences in three different cases, not case number CR-21-656630. Because Robinson is not "in custody" pursuant to the sentence in case number CR-21-656630, there is no case or controversy. Therefore, the Court lacks jurisdiction and the matter is moot under Article III. Accordingly, the undersigned recommends Respondent's Motion to Dismiss (Doc. No. 14) be GRANTED.

## IV. Motion for Summary Judgment

On June 15, 2026, Robinson filed a motion for summary judgment, arguing that he is entitled to summary judgment because Respondent did not file a reply to his traverse. (Doc. No. 12.) In opposition, Respondent argues a reply was not required, the petition should be dismissed for the reasons outlined in the motion to dismiss, and Petitioner has not met the requirements of Fed. R. Civ. P. 56. (Doc. No. 13.)

The Court's Initial Order states that no dispositive motion will be entertained if leave is not obtained. (Doc. No. 6.) Robinson failed to seek leave to file his motion for summary judgment, and therefore the Court shall not consider his motion. In addition, Robinson's motion for summary judgment is unwarranted. *See Black v. Carpenter*, 866 F.3d 734, 742-743 (6th Cir. 2017) (finding that principles of Fed. R. Civ. P. 56

do not apply to a review on the merits of a federal habeas claim).

Accordingly, Robinson's summary judgment motion (Doc. No. 12) is STRICKEN from the record.

## V. Conclusion

For the foregoing reasons, the undersigned recommends Respondent's Motion to Dismiss (Doc. No. 14) be GRANTED and Orders Robinson's Motion for Summary Judgment (Doc. No. 12) STRICKEN.

IT IS SO ORDERED.

Date: August 26, 2026

*s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge